UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| DEANNA HAYDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: |
| | ) | |
| UNITEDHEALTH GROUP INCORPORATED, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Deanna Hayden, by undersigned counsel, states as follows for her complaint against the defendant, UnitedHealth Group Incorporated, and alleges violations of the Americans with Disabilities Act as amended ("ADA"), 42 U.S.C. § 12101, *et seq.*, and the Family and Medical Leave Act ("FMLA"), 29 U.S.C.A. § 2601, *et seq.*, as follows:

## NATURE OF THE CASE

1. Plaintiff Deanna Hayden ("Plaintiff" or "Ms. Hayden") brings this action against Defendant UnitedHealth Group ("Defendant" or "UHG") for violations of the ADA and FMLA. Specifically, Ms. Hayden contends that UHG failed to engage in the required interactive process, failed to accommodate her disability, discriminated against her because of her disability, and retaliated against her for filing complaints and taking approved medical leave, and that it terminated her employment because of her disability in violation of the ADA.

## JURISDICTION AND VENUE

2. This lawsuit is brought pursuant to the provisions of the ADA, 42 U.S.C. § 12101, *et seq.*, and the FMLA, 29 U.S.C.A. § 2601, *et seq.* This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331.

3. Venue is proper in this district under 28 U.S.C. § 1391(b) as the events giving rise to these claims occurred within this district, where Ms. Hayden worked.

## CONDITIONS PRECEDENT

4. On January 18, 2023, Ms. Hayden timely filed a charge of disability discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC").

5. On October 2, 2023, the EEOC issued Ms. Hayden a Notice of Right to Sue, which is attached hereto as Exhibit 1.

6. The complaint asserting a claim under the ADA is filed within 90 days of receipt of the EEOC Notice of Right to Sue.

7. Ms. Hayden has fully complied with all prerequisites to jurisdiction in the Court under the ADA.

## PARTIES

8. Plaintiff is an adult citizen of the State of Tennessee and resides in Sullivan County, Tennessee.

9. Defendant, UnitedHealth Group Incorporated, is a Delaware corporation having its principal place of business in Minnesota. At all relevant times herein, UHG conducted

business in the state of Tennessee and maintained offices at 10 Cadillac Drive, Suite 200, Brentwood, Tennessee.

10. At all relevant times herein, UHG was an employer as defined by the ADA.

11. At all relevant times herein, UHG employed in excess of 15 full-time employees.

12. At all relevant times herein, Ms. Hayden was an employee of UHG as defined by the ADA and FMLA.

## FACTUAL ALLEGATIONS

13. Ms. Hayden was employed by UHG for seven years as a Health and Social Services Clinical Coordinator, from June 29, 2015, until her termination on October 2, 2022.

14. At all relevant times, Ms. Hayden worked for UHG in the State of Tennessee under the supervision of UHG's offices at 10 Cadillac Drive, Suite 200, Brentwood, Tennessee. Ms. Hayden worked from her home in Bluff City, Tennessee.

15. Throughout her employment Ms. Hayden performed her duties satisfactorily.

16. At all relevant times herein, Ms. Hayden was qualified for the position of Clinical Coordinator.

17. At all relevant times herein, Ms. Hayden was capable of performing the duties of Clinical Coordinator with or without reasonable accommodation.

18. Ms. Hayden suffers from anxiety, depression and panic attacks, with these often occurring daily.

19. As a result of Ms. Hayden's anxiety, depression and panic attacks, Ms. Hayden has been hospitalized on two occasions, and has experienced nausea and vomiting. Ms. Hayden is obliged to take mediation as well as regularly see a psychiatrist and therapist to treat her anxiety, depression, and panic attacks. As a result of Hayden's anxiety, depression, and panic attacks, Hayden suffers from sleep disruption and often awakens in the middle of the night.

20. Ms. Hayden's anxiety, depression and panic attacks constitute impairments under the ADA.

21. Ms. Hayden's anxiety, depression, and panic attacks substantially limit major life activities.

22. UHG regards Ms. Hayden as having impairments in the form of anxiety, depression, and panic attacks.

23. Ms. Hayden's anxiety, depression and panic attacks constitute disabilities under the ADA.

24. In January of 2022, Ms. Hayden's anxiety, depression and panic attacks worsened to the extent where she, at the advice of her medical providers, took time off work for treatment and recovery.

25. Specifically, from January 24, 2022, through February 22, 2022, Ms. Hayden used paid time off and short-term disability that was approved by UHG. Ms. Hayden was entitled to this leave under the provisions of the Family Medical Leave Act ("FMLA"), 29 U.S.C.A. § 2601, *et seq*.

26. During this period, Ms. Hayden's manager, Tim Davis ("Davis"), contacted her numerous times to interrogate Ms. Hayden about the details of her leave as well as her return date, despite the fact that she had provided UHG's third party administrator, Sedgwick, with all required medical documentation.

27. Subsequently, developments in Ms. Hayden's personal life further exacerbated Ms. Hayden's anxiety, depression, and panic attacks. Specifically, in April of 2022, Ms. Hayden's father suffered a stroke, requiring Ms. Hayden to delay her recovery as she attempted to care for her father.

28. Ms. Hayden continued to seek treatment for her anxiety, depression, and panic attacks during this period. Ms. Hayden's physician suggested that Ms. Hayden take short term disability leave to recover and get well.

29. Ms. Hayden began the process to apply for short-term disability and was approved for leave by UHG's third-party administrator and agent, Sedgwick, on April 18, 2022.

30. Ms. Hayden's anxiety, depression, and panic attacks worsened in July 2022, when she suffered a severe panic attack that hospitalized her for four days.

31. Sedgwick requested additional documents (such as medical records for the hospital stay) from Ms. Hayden following her hospital stay in order to continue her short-term disability leave. Ms. Hayden provided all required documentation.

32. Sedgwick convened a medical review board, which approved Ms. Hayden for additional short-term disability leave through October 14, 2022.

33. Even though Sedgwick had approved of Ms. Hayden's short-term disability leave, Davis contacted Ms. Hayden repeatedly during her leave to ask when Ms. Hayden would return to work.

34. Davis would contact Ms. Hayden at least weekly during her leave, consistently bothering Ms. Hayden about the time off and questioning whether her leave was warranted.

35. Ms. Hayden reported Davis's calls to Sedgwick. Sedgwick contacted Davis and instructed Davis to cease his interrogations of Ms. Hayden.

36. Despite being aware that Ms. Hayden was on approved short-term disability leave and having received instructions from Sedgwick to halt his communications, Davis persisted in contacting Ms. Hayden and informed her of his intent to report Ms. Hayden for job abandonment.

37. Ms. Hayden filed a formal complaint of Mr. Davis's conduct with UHG's Human Resources department.

38.  The UHG Human Resources department informed Ms. Hayden that Davis would be coached and corrected.

39. Near the end of September 2022, while Ms. Hayden was still on approved short-term disability leave, Mr. Davis again contacted Ms. Hayden and informed her that "because you will not return to work and you keep extending your leave, UHG has decided to administratively terminate you."

40. Ms. Hayden immediately reached out to Sedgwick following this discussion.

41. Ms. Hayden was informed by Sedgwick that UHG had terminated her short-term disability leave as of October 2, 2022.

42. UHG ended Ms. Hayden's short-term disability leave 12 days in advance of the previously approved end date of October 14, 2022, and terminated Ms. Hayden's employment.

43. Ms. Hayden was fully prepared and medically authorized to return to work promptly following the scheduled end of her short-term disability on October 14, 2022.

44. Ms. Hayden filed a charge of discrimination with the EEOC alleging disability discrimination and retaliation under the ADA on January 13, 2023.

45. The EEOC issued a Notice of Right to Sue on October 2, 2023.

46. UHG's actions were in violation of the ADA and FMLA.

47. Ms. Hayden's requests for reasonable accommodation in the form of medical leave were consistent with her medical needs and were supported by appropriate medical documentation.

48. Despite these requests and the supporting documentation, UHG failed to engage in an interactive process to determine suitable accommodations.

49. Instead, UHG, through its employee, Mr. Tim Davis, subjected Ms. Hayden to undue scrutiny and harassment related to her disability and need for accommodation.

50. This harassment and the subsequent termination of Ms. Hayden's employment were direct results of her disability and UHG's refusal to accommodate Ms. Hayden's disability as required by the ADA.

51. UHG removed a previously granted accommodation (leave through October 14, 2022) and terminated Ms. Hayden's employment.

52. As a result of UHG's actions, Ms. Hayden has suffered lost wages, lost benefits, and emotional distress.

## CLAIMS FOR RELIEF

### COUNT I
### DISCRIMINATION IN VIOLATION OF THE ADA
42 U.S.C. § 12101, *et seq*.

53. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

54. By its actions, policies, and practices, UHG discriminated against Ms. Hayden on the basis of her disability, in violation of the ADA.

55. UHG's failure to provide reasonable accommodations for Ms. Hayden's known disability, despite being repeatedly informed of the disability and provided with adequate medical documentation of the disability, constitutes a discriminatory practice under the ADA.

56. UHG's actions, including the wrongful termination of Ms. Hayden, were motivated by discriminatory animus towards Ms. Hayden's disability.

57. As a direct and proximate result of UHG's discriminatory actions, Ms. Hayden has suffered and continues to suffer the following harms:
    a. Lost wages from the date of termination until judgment is entered in this matter;
    b. Lost benefits, including but not limited to health insurance and retirement account contributions and growth;

c. Future lost wages and benefits, in an as yet unliquidated amount;

   d. Emotional distress and humiliation.

COUNT II
Failure to Accommodate Under the ADA
42 U.S.C. § 12101, *et seq.*

58. UHG had a legal obligation under the ADA to provide reasonable accommodations to Ms. Hayden, who had a known disability.

59. UHG, through its inaction and refusal to engage in an interactive process, failed to fulfill this obligation, thereby violating the ADA.

60. This failure to accommodate not only limited Ms. Hayden's ability to perform her essential job functions but also exacerbated her disability, causing further physical, mental, and emotional harm.

61. UHG's refusal to accommodate constitutes a willful and deliberate violation of the ADA, demonstrating a lack of regard for the legal rights of employees with disabilities.

62. As a direct and proximate result of UHG's discriminatory actions, Ms. Hayden has suffered and continues to suffer the following harms:

   a. Lost wages from the date of termination until judgment is entered in this matter;

   b. Lost benefits, including but not limited to health insurance and retirement account contributions and growth;

   c. Future lost wages and benefits, in an as yet unliquidated amount;

   d. Emotional distress and humiliation.

## COUNT III
### Retaliation in Violation of the ADA
### 42 U.S.C. § 12101, *et seq.*

63. Ms. Hayden engaged in protected activity under the ADA by requesting reasonable accommodations for her disability in the form of taking approved leave, and by filing a formal complaint against Mr. Davis's conduct.

64. UHG, in response to Ms. Hayden's protected activities, engaged in retaliation by abruptly cancelling her approved leave and terminating her employment, a clear violation of the ADA.

65. As a direct and proximate result of UHG's discriminatory actions, Ms. Hayden has suffered and continues to suffer the following harms:
    a. Lost wages from the date of termination until judgment is entered in this matter;
    b. Lost benefits, including but not limited to health insurance and retirement account contributions and growth;
    c. Future lost wages and benefits, in an as yet unliquidated amount;
    d. Emotional distress and humiliation.

## COUNT IV
### Retaliation in Violation of the FMLA
### 29 U.S.C.A. § 2601, *et seq.*

1. Ms. Hayden has engaged in protected activity under the FMLA by requesting leave, taking that leave, and by complaining of Davis's hostile and repeated harassment during the course of that leave.

2. In retaliation for engaging in activity protected by the FMLA, UHG terminated Ms. Hayden's employment.

3. As a direct and proximate result of UHG's retaliatory actions, Ms. Hayden has suffered and continues to suffer the following harms:

    a. Lost wages from the date of termination until judgment is entered in this matter;

    b. Lost benefits, including but not limited to health insurance and retirement account contributions and growth;

    c. Future lost wages and benefits, in an as yet unliquidated amount;

    d. Emotional distress and humiliation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Deanna Hayden respectfully requests that this Honorable Court enter judgment against the Defendant UnitedHealth Group, Incorporated, providing the following relief:

   a. Awarding back pay, benefits, and other special damages to the Plaintiff;

   b. Awarding front pay in lieu of reinstatement, in an amount to be determined;

   c. Awarding compensatory damages, including but not limited to emotional distress and humiliation;

   d. Awarding pre-judgment and post-judgment interest to Plaintiff;

   e. Awarding punitive damages to Plaintiff;

   f. Awarding Plaintiff her reasonable attorney's fees and costs; and

   g. Awarding such other and further relief as this Court deems just and proper.

PLAINTIFF DEANNA HAYDEN<br>
By Counsel

s/ *Alexis I. Tahinci*
Alexis I. Tahinci (BPR #031808)
Tahinci Law Firm, PLLC
105 Ford Ave., Suite 3
Kingsport, TN 37663
Ph: (423) 406-1151
F: (423) 815-1728
alexis@tahincilaw.com
COUNSEL FOR PLAINTIFF